FILED
P.M. July 16 20 12
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 1:11-CR-142(2) |
| | § | (Judge Thad Heartfield) |
| JUAN CARLOS HINOJOSA | § | |
| a/k/a "Shorty" | § | |

## FACTUAL BASIS AND STIPULATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by **Juan Carlos Hinojosa, a/k/a "Shorty"**, defendant, and his counsel of record, Phil Greene, and presents this factual basis and stipulation in support of the defendant's plea of guilty to Count One of the superseding indictment filed herein, and, in support thereof, would show the following:

1.  That **Juan Carlos Hinojosa, a/k/a "Shorty"**, defendant, hereby stipulates and agrees as to the facts recited in paragraph 5. Defendant stipulates and agrees to the truth of all matters set forth in these paragraphs in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to Count One of the superseding indictment, alleging a violation of 21 U.S.C. § 846, conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of a Schedule II controlled substance, namely: cocaine

HCL.

2. That the defendant, who is pleading guilty to such superseding indictment, is one and the same person charged in the superseding indictment.

3. That the crime alleged in the superseding indictment occurred on or about the dates and places specified in the superseding indictment;

4. That the events described in the superseding indictment occurred in the Eastern District of Texas and elsewhere;

5. That, had this case proceeded to trial, the government would have proven each and every essential element of the offense, beyond a reasonable doubt, through the testimony of witnesses, including expert witnesses, and through exhibits, which would have demonstrated the following:

As to Count One:

a) Beginning in October of 2010, the New York field division of the Drug Enforcement Administration (DEA) began an investigation of a large scale cocaine distribution scheme that was receiving multi-kilogram amounts of cocaine HCL from a source of supply in Houston via transshipment through the Eastern District of Texas.

b) DEA investigators employed a number of state court authorized Title III "wire tap" wire communications interceptions of telephones being used by the Drug Trafficking Organization (DTO) during different phases of their investigation.

c) During the course of these interceptions, investigators intercepted the drug related telephone calls of co-defendant William Alejandro Ramirez (Ramirez) to other members of the DTO. Based on those interceptions, it was determined that the David Bazan (Bazan) was a source of supply of cocaine HCL for the DTO.

d) In January of 2011, investigators intercepted a series of phone calls from Ramirez and other members of the DTO that led them to believe that a large shipment of cocaine HCL was soon to be made using a Nissan 350 Z automobile

that had been fitted with a special compartment. It was further learned that a co-conspirator's uncle would be ferrying that car from New York to Houston for purposes of receiving and transporting the shipment of contraband. A court authorized tracker was surreptitiously fitted to that vehicle by law enforcement investigators.

e) On January 22, 2011 the Nissan load vehicle was observed on IH-10 in Baytown, Texas. Surveillance was established and wire tap monitoring of Ramirez' phone continued with Court authorization. The vehicle was observed driving to 18614 Maple Mist Dr. in Katy, TX. While at this location, more than $500,000.00 in United States funds were unloaded from the trap in the vehicle and the Nissan was loaded with thirty-two "bricks" of cocaine HCL.

f) It was discovered that Juan Carlos Hinojosa (defendant) and Martin Hinojosa (M. Hinojosa) also lived at and operated the stash house located at 18614 Maple Mist Dr., in Katy, Texas (Southern District of Texas)

g) Wire tap interceptions determined that co-defendant, David Arzon (Arzon) had traveled from New York to Houston, TX in order to drive the load vehicle back to New York.

h) On January 25, 2011, Ramirez was observed leaving in tandem (in a separate vehicle) with the Nissan load vehicle as David Arzon drove it away towards the Eastern District of Texas.

i) A short time later, the Nissan was stopped in Beaumont, TX (Eastern District of Texas) on IH-10 by Sgt. Dean Nance of the Jefferson County Sheriff's office for observed traffic violations at mile marker 844 in Jefferson County, TX. Sgt. Nance's narcotics dog alerted and subsequent search produced what was later determined by laboratory analysis to be 31.91 kilograms of cocaine HCL.

i) Co-defendants providing substantial assistance would have testified that the defendant and M. Hinojosa met with Ramirez (and others) at 18614 Maple Mist Dr., in Katy Texas and assisted with exchange of money sent from New York for the purchase of cocaine.

j) The defendant agrees and the parties stipulate that he helped coordinate the receipt and shipment of the cocaine seized from Arzon on January 25, 2011.

k) Had trial needs required, a properly qualified narcotics officer would have testified that 31.92 kilograms of cocaine HCL is an amount of that contraband that is consistent with distribution.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the superseding indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that the United States can prove each of these acts and that it accurately describes the events about my acts and the events as recited as I know them.

Dated: 6/27/12

Juan Carlos Hinojosa
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

7. I have read this factual basis and stipulation and the superseding indictment and have reviewed them with my client, **Juan Carlos Hinojosa**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the superseding indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 6/27/12

Phil Greene
Attorney for the Defendant

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

_____
John A. Craft
ASSISTANT UNITED STATES ATTORNEY